UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> Plaintiff, <br> v. <br><br> David GUZMAN-Martinez <br> Arturo Francisco ALCAZAR-Tapia, <br> Roman VALDEZ-Olais <br><br><br> Defendants. | Magistrate Docket No. '21 MJ01463 <br><br> <u>COMPLAINT FOR VIOLATION OF:</u> <br> Title 8, USC 1324(a)(1)(A)(i) Attempted Bringing In Illegal Aliens At Other Than Port Of Entry <br><br> Title 8, USC 1326 Deported Alien Found In The United States |

The undersigned complainant being, duly sworn, states:

Count One

On or about April 18, 2021, within the Southern District of California, defendant David GUZMAN-Martinez, with the intent to violate the immigration laws of the United States, knowing or in reckless disregard of the fact that certain aliens, namely, Ramon BAUTISTA-Guillermo, Gerardo CORREA-Lopez and Gregorio SOLORIO-Molina, had not received prior official authorization to come to, enter and reside in the United States, did attempt to bring to the United States said aliens at a place other than a designated Port Of Entry or place other than as designated by the commissioner; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(i).

Count Two

On or about April 18, 2021, within the Southern District of California, defendants, Roman VALDEZ-Olais and Arturo Francisco ALCAZAR-Tapia, aliens, who previously had been excluded, deported and removed from the United States, were found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendants' reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached probable cause statement, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Matthew R. Kucewicz
Border Patrol Agent

SWORN AND ATTESTED TO UNDER OATH BY TELEPHONE, IN ACCORDANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 4.1, ON APRIL 19, 2021.

HON. ANDREW G. SCHOPLER
United States Magistrate Judge

**CONTINUATION OF COMPLAINT:**
David GUZMAN-Martinez, Arturo Francisco ALCAZAR-Tapia,
Roman VALDEZ-Olais

**PROBABLE CAUSE STATEMENT**

The complainant states that Ramon BAUTISTA-Guillermo, Gerardo CORREA-Lopez and Gregorio SOLORIO-Molina, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On April 18, 2021, Border Patrol Agent M. Lara was conducting his assigned duties in the Imperial Beach Border Patrol Station's area of responsibility. Agent Lara was wearing his full rough duty uniform with his badge and insignias visible. At approximately 11:40 AM, San Diego Lifeguards notified Air and Marine Operations of a suspicious boat coming into Mission Bay. Marine Interdiction Agent G. Ochoa and his crew responded. Agent Ochoa and the rest of the crew noticed that the boat looked heavy in the water and the driver was operating the boat faster than the designated speed. There were four visible occupants as they initiated their lights and horn to approach the boat. Agent Ochoa boarded the boat, conducted a document check, and talked to the driver, later identified as the defendant, David GUZMAN-Martinez. GUZMAN did not provide information on who was the owner or any documents of the boat. Agent Ochoa asked for consent to look in the front cabin, which GUZMAN agreed to. Once Agent Ochoa opened the door, he observed 17 individuals, with one more hiding in a compartment forward of the boat. Agent Ochoa then detained GUZMAN and began to transport the boat to the Mission Bay Lifeguard Dock.

At approximately 12:50 PM, Agent Lara responded to the Mission Bay Lifeguard Dock. Agent Lara conducted an immigration inspection on 21 individuals, including defendants, GUZMAN, Arturo Francisco ALCAZAR-Tapia, Ramon VALDEZ-Olais and material witnesses, Ramon BAUTISTA-Guillermo, Gerardo CORREA-Lopez and Gregorio SOLORIO-Molina, who stated they were citizens of Mexico without any immigration documents allowing them to enter or remain in the United States legally. At approximately 1:00 PM, Agent Lara placed all 21 individuals, including GUZMAN, ALCAZAR, VALDEZ, BAUTISTA, CORREA, and SOLORIO, under arrest.

David GUZMAN-Martinez was read his Miranda Rights. GUZMAN stated that he understood his rights and was willing to answer questions without an attorney present. GUZMAN stated that once the boat started moving, the captain was showing him how to pilot the boat. GUZMAN stated that once they reached the Coronado Islands, the captain stopped the boat and

CONTINUATION OF COMPLAINT:
David GUZMAN-Martinez, Arturo Francisco ALCAZAR-Tapia,
Roman VALDEZ-Olais

left on another smaller boat. GUZMAN stated that before he left, the captain gave him his cell phone and instructed him to continue traveling northeast. GUZMAN stated that while he piloted the boat, he received calls asking him where he was. GUZMAN stated that he used the phone to communicate with unknown coordinators and as a navigating tool, but that it did not belong to him.

Material witnesses BAUTISTA, CORREA, SOLORIO, admitted to being citizens of Mexico, illegally present in the United States, and not having any documents that would allow them to enter or remain in the United States legally. All three admitted to making smuggling arrangements and agreed to pay between $14,000 and $17,000 USD. All three material witnesses were each shown a photo lineup. CORREA and SOLORIO were able to identify GUZMAN as the captain of the boat. BAUTISTA stated that he was told to go below into the cabin and that he was scared, since he did not know how to swim. CORREA stated that since the boat driver did not show up, the smugglers asked if anyone knew how to drive a boat. CORREA stated that GUZMAN said he could drive the boat and was pull aside by the smugglers. CORREA stated that they took everyone's cell phone, except for GUZMAN's. CORREA stated that they gave them all colorful clothes and sandals to wear. CORREA stated that he stayed in the cabin, until they were stopped by Air and Marine units, when GUZMAN asked him to get out of the cabin and talk English to the agents.

Routine record checks of defendant, ALCARZAR revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprints. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to Mexico on October 9, 2020, through Laredo Columbia Bridge, Texas. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

Routine record checks of defendant, VALDEZ revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprints. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to Mexico on July 21, 2020, through Nogales, Arizona. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.